**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 16-3500

CHRISTA VILLAROSA,
                                        Appellant
v.

NORTH COVENTRY TOWNSHIP;
SGT. ROBERT W. MALASON; P/O VICTOR MACHESE

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-04975)
District Judge: Honorable Joel H. Slomsky

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 30, 2017

Before:  VANASKIE, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed:  September 27, 2017)

OPINION[*]

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

Appellant Christa Villarosa challenges the District Court's dismissal of her amended complaint raising multiple constitutional and state law claims against two police officers who arrested her and the municipality that employs them. For the reasons that follow, we will affirm.

## I.    Background

As this appeal arises from the grant of a motion to dismiss, the factual allegations set forth below are taken from Appellant's amended complaint and are accepted as true. *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 642 n.1 (2008). Villarosa's arrest stemmed from an October 27, 2013, incident where, while Villarosa was asleep in her bedroom, her underage son, Nick, hosted a group of teenagers in Villarosa's basement without her knowledge or permission. Later on that evening, Villarosa was awakened by the noise and told her son that the other teenagers would have to leave. Within an hour, the crowd had dispersed.

A number of the teenagers were drinking alcohol during this gathering and, on their way home, a group of four teenage girls was pulled over by two North Coventry Township Police Officers, Appellees Robert Malason and Victor Machese. The Officers smelled alcohol in the car and two of the teenagers, including the driver, identified as R.B., tested positive for alcohol after a preliminary breath test. The Officers called the teenagers' parents to the scene and, after informing the parents that the Officers would want written statements from their children surrounding the "circumstances" at

Villarosa's home and that their children's cooperation would result in no criminal charges being filed, the Officers released the teenagers. App. 33.

Later that week, three of the teenagers gave statements to the police. In her statement, R.B. explained that she "passed [Nick's] mom in the kitchen" when they arrived and that she saw his mom again "at the top of the stairs . . . when Nick told a drunk boy to descend the stairs on his stomach." App. 35. The other two teenagers who gave statements indicated that they did not see Villarosa, although one noted that she "heard there was a parent there." App. 33-34.

Approximately two weeks later, during an investigation of a burglary that occurred at Villarosa's home, Officer Machese questioned Villarosa about the October 27th gathering in her basement. According to the Officer's notes, Villarosa "openly admitted . . . that she has been home when underage drinking parties have taken place in her home," but "that she does not invite nor supply children with alcohol at her home . . . and she is usually in her bedroom when her son . . . invites minors into her home." App. 36. The notes reflected that Villarosa also acknowledged that she had "come home to parties taking place or has been awoken by such parties . . . on the first and basement floors of her home" in the past, and "admit[ted] to a fault that she does not collect the alcohol . . . from the areas in which the minors are in." App 37. When asked specifically if she had seen a male teenager "surf" down her basement steps the night of the gathering in question, Villarosa stated that she had and that she had arranged for a parent to come pick that teenager up. App. 37.

Officer Malason swore out an affidavit of probable cause for Villarosa's arrest, and after a warrant was issued, Villarosa was arrested and charged with corruption of minors and furnishing alcohol to minors. These charges never progressed, as the corruption of minors charge was dismissed following a preliminary hearing, and, approximately five months later, the Chester County District Attorney's Office entered a nolle prosequi on the remaining furnishing alcohol to minors charge.

After the charges against her were dropped, Villarosa filed a complaint and a subsequent amended complaint raising claims under 42 U.S.C. § 1983 and related state laws against the Officers and North Coventry Township. The Officers and the Township moved to dismiss Villarosa's complaint and, after a hearing, the District Court granted that motion, dismissing Villarosa's claims with prejudice and denying her leave to file a second amended complaint.

## II.    Discussion[1]

We exercise plenary review over a district court's dismissal for failure to state a claim. *Glover v. FDIC*, 698 F.3d 139, 144 (3d Cir. 2012). Federal Rule of Civil Procedure 12(b)(6) instructs that a complaint must be dismissed if, after accepting as true all facts alleged in the complaint and drawing all reasonable inferences in the plaintiff's favor, the complaint fails to show "that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (internal quotation marks

---

[1] The District Court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

omitted). While a complaint need not contain "detailed factual allegations," the facts alleged "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and brackets omitted).

On appeal, Villarosa presses that the District Court erred in dismissing five of her claims—a Fourth Amendment claim, a Fourteenth Amendment claim, a conspiracy claim, a municipal liability claim, and a state law malicious prosecution claim.[2] In addition, Villarosa urges that, even if her claims were properly dismissed, the District Court erred in denying her leave to file a second amended complaint. We address these claims below and will affirm the District Court's dismissal of Villarosa's amended complaint.

### A. Fourth Amendment Claim

Villarosa first argues that she properly pleaded a Fourth Amendment violation against Officer Malason because her complaint reflects that she was arrested and prosecuted without probable cause. As the District Court correctly explained, however, probable cause requires only that "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe

---

[2] Villlarosa also asserted a claim for intentional infliction of emotional distress in the District Court, but concedes on appeal that this claim was properly dismissed.

that an offense has been or is being committed by the person to be arrested," *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995), and while probable cause "requires more than mere suspicion," it does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction," *Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010) (internal quotation marks and citation omitted). That is, probable cause is present so long as there is a "fair probability that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (internal quotation marks and citation omitted).

Here, the offense in question—furnishing alcohol to a minor—is committed when a person "intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age," 18 Pa. Cons. Stat. § 6310.1, with "furnish" defined as "[t]o supply, give or provide to, *or allow a minor to possess on premises or property owned or controlled by the person charged*," *id*. § 6310.6 (emphasis added). Upon reviewing the information the amended complaint acknowledges was available to the Officers at the time they arrested Villarosa—that the Officers had pulled over a car of teenage girls who smelled of alcohol after leaving Villarosa's home, that a breathalyzer confirmed that at least two of the girls had consumed alcohol, that one of the teenagers observed "Nick's mom" (i.e., Villarosa) in the kitchen upon arriving at the residence and observed her later watching as a drunk teenager slid on his stomach down her steps, that another one of the teenagers had heard that Villarosa was at home, and that Villarosa

6

herself admitted she was home that night and had seen the boy slide down the steps as described by the teenagers—a reasonable officer could conclude there was a "fair probability" that Villarosa "furnished" alcohol to the minors in her home.[3]

## B. Fourteenth Amendment Claim

Villarosa next contends that she has actionable claims against both Officers under the Fourteenth Amendment's Due Process Clause because the Officers were "out to get" Villarosa and coerced R.B. into giving her statement incriminating Villarosa by threatening her with criminal prosecution if she did not "cooperat[e]." Appellant's Br. 30-31. At the outset, we have never acknowledged a standalone Fourteenth Amendment claim arising from a pre-trial deprivation of a criminal defendant's due process rights,

---

[3] Although Villarosa styles her claim as only a Fourth Amendment malicious prosecution claim against Officer Malason, she also asserts what appears to be a Fourth Amendment false arrest claim against both Officers on the ground that they falsified information in, and omitted key information from, the affidavit of probable cause used to obtain a warrant for Villarosa's arrest. We agree with Villarosa that the case against her was overstated in the Officer's affidavit, but falsehoods and omissions in a probable cause affidavit are only sufficient to state a constitutional claim if a "reconstructed affidavit"—that is, an affidavit with all falsehoods removed and omissions included—would not support a finding of probable cause. *See Dempsey v. Bucknell Univ.*, 834 F.3d 457, 470 (3d Cir. 2016). The District Court here did not have the benefit of our guidance in *Dempsey* that reviewing courts must perform "literal, word-by-word reconstructions of challenged affidavits," *id.*, but we need not remand for the District Court to perform that reconstruction given the ample uncontested evidence in the affidavit supporting probable cause. Officer Malason's affidavit contained the truthful information noted above and acknowledged in Villarosa's amended complaint regarding the Officers' interaction with the teenagers, the teenagers' subsequent statements, and the Officers' conversations with Villarosa. As explained, that information was sufficient to establish a "fair probability" that Villarosa furnished alcohol to minors in her home, *Wilson*, 212 F.3d at 789, and Villarosa cannot state a claim on the basis of inaccuracies in, or omissions from, the Officer's affidavit of probable cause.

and our precedents strongly indicate any such claim would need to be brought under the Fourth Amendment. *See Halsey v. Pfeiffer*, 750 F.3d 273, 291-92 (3d Cir. 2014). Nonetheless, even assuming such a claim is viable, Villarosa's allegations are insufficient to survive a motion to dismiss.

Villarosa asserts that the Officers coerced R.B. into fabricating a statement against her because they had probable cause to arrest R.B. for drinking and driving and told R.B. that she would not be prosecuted if she cooperated with their investigation. As additional support for this theory, Villarosa asserts that there were inconsistencies in the four girls' statements and that R.B was unable to identify Villarosa at a preliminary hearing. Accepting these assertions as true, these facts do not create any non-speculative inference that R.B. was lying when she gave her statement and, even if she was, that the Officers knew she was lying at the time they pressed charges.[4] Because Villarosa's allegations do not allow us to infer anything more than the "the mere possibility" that R.B. was not truthful, let alone that the Officers knew so at the time she gave her incriminating statement, *Iqbal*, 556 U.S. at 679, Villarosa's claim that the Officers coerced R.B. into

---

[4] In her brief, Villarosa also asserts that an incident R.B. claimed to have witnessed, an intoxicated teenage boy sliding down the steps in Villarosa's presence, occurred after the four girls had already left. This allegation does not appear in Villarosa's amended complaint and, even if it did, there is no allegation reflecting that the Officers were aware of, much less promoted, this inaccuracy at the time Villarosa was arrested.

giving an inaccurate statement does not rise above the "speculative level," *Twombly*, 550

U.S. at 555, and the District Court was correct to dismiss it.[5]

## C. Remaining Claims

Although Villarosa asserts against the Officers additional claims of conspiracy

under § 1983 and of malicious prosecution under state law, and against the North

Coventry Township a claim of municipal liability under *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 664 (1978), she concedes that these claims are "depend[ent] on the

viability" of her Fourth and Fourteenth Amendment claims. Appellant's Br. 7. Because

we affirm the District Court's dismissal of Villarosa's constitutional claims, we affirm

the dismissal of these remaining claims as well.

## D. Leave to Amend

Lastly, Villarosa urges that the District Court erred in denying her leave to file a

second amended complaint. A District Court may dismiss a claim without leave to

amend when such an amendment would be futile, *Alston v. Parker*, 363 F.3d 229, 236 (3d

---

[5] To the extent Villarosa asserts a Fourteenth Amendment violation resulting from the various "fabrications and omissions" in Officer Malason's affidavit of probable cause, Appellant's Br. 36, that claim fails as well. In order to prevail on a standalone Fourteenth Amendment claim, a plaintiff must show there is "a reasonable likelihood that, absent [the] fabricated evidence, the defendant would not have been criminally charged." *Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016). Even accepting Villarosa's questionable premise that falsehoods or omissions in an affidavit can qualify as fabricated *evidence* for purposes of a Fourteenth Amendment claim, as explained above, the truthful information remaining in the affidavit after excising all falsehoods and adding all omissions was sufficient to support a finding of probable cause that Villarosa furnished alcohol to minors in her home. Accordingly, there is no reasonable inference that, absent those falsehoods and omissions, Villarosa "would not have been criminally charged." *Id.*

Cir. 2004), and we review that ruling for abuse of discretion, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Because the allegations included in Villarosa's complaint establish that there was probable cause for her arrest and prosecution, and her Fourteenth Amendment claim is based on sheer speculation, the District Court did not abuse its discretion in denying her leave to amend.

## III. Conclusion

For the reasons stated above, we will affirm the judgment of the District Court.